**In re PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE, Debtor.**

**Bankruptcy No. 88–00043.**

United States Bankruptcy Court,
D. New Hampshire.

March 17, 1988.

Stella Shively, Public Service Co. of N.H., Manchester, N.H. for debtor.

## ORDER RE GENERAL PROCEDURAL SUGGESTIONS

JAMES E. YACOS, Bankruptcy Judge.

At the outset of this case the court sua sponte entered its "Order Setting Status Conference Hearing On Procedural Matters For Complex Reorganization Proceeding" on January 29, 1988 setting down an initial status conference hearing on procedural matters to be held on February 26, 1988. At that hearing, and at a continuation thereof on March 11, 1988, the court heard from various parties a number of useful suggestions as to appropriate procedural orders to expedite the handling of this reorganization proceeding. The court by separate action has entered, and is entering, various specific orders in that regard dealing with specialized motion practice, notice procedures, claims bar order, and other matters.

Also raised at the hearings was the concept of some procedural mechanism for identifying key legal and factual issues as an aid to the ongoing negotiations concerning a plan of reorganization. Such a general procedure, although perhaps unprecedented in a chapter 11 case, seemed worthy of consideration inasmuch as *this* particular chapter 11 case involving a public-investor regulated utility company was *itself* unprecedented.[1]

The general procedure concept was the subject of considerable discussion at the February 26, 1988 hearing. Thereafter various parties filed memoranda on the subject and some parties in interest filed fairly detailed proposed orders on the matter. The official creditors committee filed a proposal aimed primarily at identifying legal issues.

1. The court in a February 16, 1988 Order denying a request for an examination of the debtor under Rule 2004 by one of the parties in interest had stated that it would consider at the February 26, 1988 hearing "…. a possible procedural mechanism … for developing an evidentiary record on key questions of fact and law in this case, simultaneously with ongoing negotiations on a plan of reorganization, in a fashion that will not force a channeling of the proceeding into any particular reorganization mode or option prematurely."

The debtor filed a memorandum objecting to any such general procedure on the following two basic grounds: (1) Involvement of the court in any status conferences related to such general procedures arguably improperly involved the court in "administrative matters" contrary to the rationale of the 1978 Bankruptcy Code; and (2) Requiring the debtor to engage in such extra general procedures would deflect it from its primary task of attempting to achieve a consensual plan through negotiations during its exclusive 120-day period within which to propose a plan of reorganization pursuant to § 1121 of the Bankruptcy Code.

The court disagrees with the first ground of objection advanced by the debtor. Exercise by a federal court of its inherent case management responsibilities, to make sure that those cases pending before it move forward appropriately, has nothing to do with "administrative matters" in the sense discussed at the time of the enactment of the 1978 Bankruptcy Code. *See In re Timbers of Inwood Forest*, 808 F.2d 363, 373–74 (5th Cir.1987), *aff'd*, — U.S. —, 108 S.Ct. 626, 98 L.Ed.2d 740, 17 CBC 2d 1368 (1988). As the *en banc* majority of the Fifth Circuit stated in the *Timbers* opinion:

> Early and ongoing judicial management of Chapter 11 cases is essential if the Chapter 11 process is to survive and if the goals of reorganizability on the one hand, and creditor protection, on the other, are to be achieved. In almost all cases the key to avoiding excessive administrative costs, which are borne by the unsecured creditors, as well as excessive interest expense, which is borne by all creditors, is early and stringent judicial management of the case. We recognize that Congress, in 1978, amended the bankruptcy laws with the intention of removing bankruptcy judges from the administration of the debtor's estate. The purpose of this amendment was to insure the impartiality of the bankruptcy judge. We do not believe, however, that Congress thereby intended to relieve the bankruptcy judge of the responsibility of managing the cases before him in such a way as to promote the objectives and goals of the Bankruptcy Code. Our conclusion in this respect is strengthened by the fact that the bankruptcy court is an adjunct of the district court. District court judges function under Fed.R.Civ.P. 16 with full power and responsibility to manage their cases and with the directive to move their cases in such a way as to promote fairness to the parties and judicial economy. These responsibilities are not incompatible with their judicial function; indeed, they are at the core of it. We recognize that the line between administration of the debtor's estate that would jeopardize the bankruptcy judge's impartiality and effective case management may sometimes be a difficult one to draw. Nevertheless, we think that each bankruptcy judge is called upon to manage the cases in front of him, fairly and impartially, in such a way as to promote their orderly and prompt disposition. The difficulty in ascertaining where the line is to be drawn cannot be an excuse for a judge's abdication of his responsibility to function as a judge.

The court does agree with the debtor's second ground for objection. If the debtor is to have the full benefit of the 120 day period prescribed by statute for an exclusive right to formulate a plan of reorganization it should not be deflected by extraneous activities not strictly required by the bankruptcy statute. It should have its full energy and resources devoted toward that task of hopefully negotiating and presenting a consensual plan to this court at an early date for action. Whether a consensual plan is achievable in this extraordinarily complicated case, replete with numerous circular questions of law and fact, remains to be seen, but the debtor should have full opportunity to attempt to reach that result if it is possible within the time prescribed by the statute. Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED as follows:

1. The court at this time will not enter any general discovery or general procedural order for identification of facts and issues pertinent to this reorganization proceeding.

2. The court will reconsider the matter following the expiration of the statutorily-prescribed exclusive period for plan formulation by the debtor, either on its own motion, or at the suggestion of any party in interest, as may then be appropriate in the circumstances of this case.

3. Inasmuch as no other procedural matters are pending from the status conference hearing called by this court's Order of January 29, 1988, said initial status conference hearing is hereby closed.